IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE

| | |
|---|---|
| ZANE GRAYSON CALDWELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 7:15-cv-00358-EKD |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and Local Rule 11, Defendant United Parcel Service, Inc.[1] ("UPS" or the "Company"), by counsel, submits this memorandum of law in support of its Motion to Dismiss Plaintiff Zane Grayson Caldwell's ("Plaintiff" or "Caldwell") Complaint for lack of subject matter jurisdiction and for failure to state any claim upon which relief can be granted.

### I.   PRELIMINARY STATEMENT

Plaintiff's Complaint sets forth a few ambiguous and incomplete allegations against UPS, none of which rise to the level of any actionable claim. While the Complaint does not directly state or cite any cause of action against UPS, Plaintiff's civil cover sheet indicates that the "Nature of [his] Suit" is grounded in the Family Medical Leave Act ("FMLA"), and that his "Cause of Action" is brought under the "Equal Employment Opportunities Act, 42 U.S.C. 2000e et seq." ("Title VII").

---

[1] In the Complaint, Plaintiff wrongly captions the Defendant as "United Parcel Service." The correct entity name is United Parcel Service, Inc.

While the Court is obliged to give Plaintiff wide latitude as a *pro se* litigant, he must still submit a pleading establishing he has a right to relief under *some* legal theory that rises above the speculative level. Plaintiff's pleading falls woefully short. He fails to allege any specific facts that UPS discriminated against him on the basis of any characteristic protected by Title VII, that it violated the FMLA in any way, or that it engaged in any other unlawful action. Moreover, with respect to his Title VII claim, Plaintiff attempts to proceed on a claim that he did not raise before the EEOC, thereby depriving this Court of jurisdiction over his claim. For these reasons, which are set forth more fully below, Plaintiff's Complaint must be dismissed.

## II.  STATEMENT OF FACTS[2]

Plaintiff brought this action *pro se* against UPS on June 30, 2015. In doing so, he filed a form complaint entitled "FORM TO BE USED BY PLAINTIFFS IN FILING A COMPLAINT UNDER THE EQUAL EMPLOYMENT OPPORTUNITIES ACT, 42 U.S 2000e et seq." ("Form Complaint"). However, Plaintiff does not provide full and complete answers to all of the questions posed by the Form Complaint and, as a result, leaves a sparse and confusing picture as to what claim(s) he is actually asserting against UPS.

Plaintiff states that he was discharged by UPS on December 16, 2013. (*Form Compl.* at ¶ A.) He grieved his discharge to the appropriate grievance panel but his grievance was denied. (*Form Compl.* at ¶ 5.) Plaintiff alleges that, while UPS contends he was discharged for "no call/no show," the real reason he was discharged was because "the[y] [sic] were mad because I got hurt during busy season was going to be out for few days up to week and they had me loading trucks." (*Form Compl.* at ¶ 3.) Caldwell further states that he was a "22.3 employee

---

[2] As required for purposes of this motion only, UPS accepts as true Plaintiff's factual allegations in the Complaint. *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007).

with hard/hard job.  Other employee in same category worked easy/hard job for 8 hours.  Had knee injury that was a factor." (*Form Compl. at* ¶  ).  Furthermore, in response to Interrogatory 2, Plaintiff lists "Randy Baker – HUB Manager, Matt Ethridge – Sort Manager and Cody – Sort Supervisor" as individuals involved in his discharge yet fails to answer the remainder of the interrogatory, which seeks specific information as to each of these individuals' alleged unlawful actions. (*Form Compl. at* ¶ 2.)

While Plaintiff does not allege a cause of action against UPS in his Form Complaint, the title of the document suggests that he is bringing a claim under Title VII.  In addition, on his Civil Cover Sheet Plaintiff marks "751 Family and Medical Leave Act" under Section IV "Nature of Suit," and he cites "Equal Employment Opportunities Act, 42 U.S.C. 2000e et seq." under Section VI "Cause of Action."  With respect to relief sought, in his Form Complaint Plaintiff states that he is seeking reinstatement and alleges that he has suffered mental damages but does not quantify his demand.  (*Form Compl. at* ¶ 8.)

Finally, Plaintiff leaves blank Interrogatory B on the Form Complaint, an interrogatory seeking information as to when Plaintiff filed his underlying charge with the EEOC – information that is necessary for this Court to determine whether it has subject matter jurisdiction over his Title VII claim.  (*Form Compl. at* ¶ B.)  Despite his silence on the issue, Plaintiff did in fact file a charge with the EEOC on April 30, 2014, which is attached hereto as Exhibit A (the "Charge").[3]  In his Charge, Plaintiff alleged that he was denied a reasonable accommodation and

---

[3] A plaintiff's failure to attach the underlying EEOC charge to his complaint would normally warrant dismissal of the action.  *See Wright v. Williamsburg Area Med. Assistance Corp.,* No. 4:12-cv-152, 2014 WL 1056719 (E.D. Va. Mar. 18, 2014) (failure to produce copy of EEOC charge "would by itself warrant dismissal of [plaintiff's complaint]" but given plaintiff's *pro se* status, court looked beyond the complaint "to ensure that no technical pleading deficiency dooms an otherwise valid claim.").  However, in light of Plaintiff's *pro se* status, and the

(continued…)

was discharged in violation of the Americans with Disabilities Act of 1990 (the "ADA"). (Exh. A.) Specifically, Plaintiff's Charge alleged that he was wrongfully terminated by UPS for missing work December 8, 2013 through December 12, 2013 due to the flu. (*Id.*) Nowhere in his Charge did he allege a Title VII cause of action, allege a characteristic protected by Title VII or allege any facts whatsoever that could reasonably be construed to assert a Title VII claim.

### III.  ARGUMENT

**A.  Standard of Review**

**1.  Plaintiff's *Pro Se* Status**

Federal courts generally construe the allegations in a *pro se* complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, "while pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). As such, the "'special judicial solicitude' with which a district court should view such

---

likelihood that he would obtain leave from the court to amend his Complaint to include his Charge, UPS attaches his Charge to this motion.

However, the attachment of the Charge to this motion does not convert it into one for summary judgment. Courts may consider an EEOC charge and related documents either as undisputed documents referenced in the complaint and central to the plaintiff's claim, or as information that is a matter of public record, without converting a motion to dismiss into a summary judgment motion. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in analyzing a Rule 12(b)(6) motion, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (same); *Jones v. McNutt Serv. Group, Inc.*, No. 5:10-cv-84-D, 2010 U.S. Dist. LEXIS 75117 (E.D.N.C. 2010)(same); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd* 276 F.3d 579 (3d Cir. 2001) ("It is clear to us that under the applicable legal standard we may consider the EEOC charge and related EEOC documents . . . either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one [for] summary judgment").

*pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Id.*; *cited with approval in Kramer v. Virginia State Court Sys.*, No. 6:13-cv-00007, 2013 WL 373573, at *2 (W.D. Va. Jan. 30, 2013).

### 2. Rule 12(b)(1) Standard

A case should be dismissed under Fed.R.Civ.P. 12(b)(1) if a federal court lacks the authority to hear the dispute. The district courts of the United States are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc*, 545 U.S. 546, 552 (2005). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). As such, when a federal district court lacks subject matter jurisdiction over an action, it must be dismissed. *Id.* "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

### 3. Rule 12(b)(6) Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. The Court "'must accept as true all of the factual allegations contained in the complaint.'" *Anderson*, 508 F.3d at 188 (quoting *Erickson*, 551 U.S. at 94). But it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts. Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not survive a Rule 12(b)(6) motion if it contains only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S., 544, 557 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Twombly*, 550 U.S. at 555 (alteration in original).

Thus, Plaintiff must include in his Complaint factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly* 550 U.S. at 555-56. "[T]he pleadings must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true." *Id*. (citation and internal quotations omitted). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief'" and will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

**B.     The Court Has No Subject Matter Jurisdiction Over Plaintiff's Title VII Claim**

Before a plaintiff can file a civil action in federal court under Title VII, he must first file an administrative charge with the EEOC. *See* 42 U.S.C.A. §2000e-5(f)(1); 29 U.S.C.A. §626(d). The scope of a plaintiff's right to pursue a federal civil action depends on the charge's contents. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citation omitted). Accordingly, a plaintiff's claim "will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Id*. "A failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim <u>deprives the federal courts of subject</u>

matter jurisdiction over the claim." *Id*. (emphasis added); *see also Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995) (removal of Title VII claim to federal court improper because plaintiff's failure to exhaust deprived court of subject matter jurisdiction); *Carter v. Rental Unif. Serv. of Culpeper*, 977 F.Supp. 753, 758-59 (W.D. Va. 1997) (court holding plaintiff failed to exhaust administrative remedies with respect to racial harassment and discriminatory failure to hire claims where plaintiff's EEOC charge only alleged she was wrongfully discharged); *Chamblee v. Old Dominion Sec. Co.*, No. 3:13-cv-820, 2014 U.S. Dist. LEXIS 50726 (E.D. Va. Apr. 10, 2014) (finding court lacked jurisdiction over disparate impact claim where plaintiff's EEOC charge alleged he was denied promotion opportunities because of his race and sex, allegations sounding in disparate treatment).

Plaintiff's Charge alleges a claim under the ADA, not Title VII. None of the facts alleged in the Charge even suggest that Plaintiff was discriminated against on the basis of a characteristic protected by Title VII. To be sure, Plaintiff did not check any of the boxes that would have designated his Charge as one being brought under Title VII, such as race, color, sex, religion and/or national origin. Furthermore, in the box setting forth the particulars of his Charge, Plaintiff unequivocally alleged that his employment was terminated by UPS because he had the flu, not because of any characteristic protected by Title VII. Therefore, because Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claim, this court lacks jurisdiction over this claim and it must be dismissed.[4]

---

[4] Even if this Court had subject matter to consider his Title VII claim, Plaintiff fails to allege certain facts required to support a *prima facie* case of wrongful discharge under Title VII such as (1) membership in a protected class; (2) satisfactory job performance; and (3) either he suffered different treatment from similarly situated employees outside the protected class or that he was replaced by someone outside his protected class. *Coleman v. Md. Ct. of Appeals*, 626

(continued…)

C. **Plaintiff's Complaint Fails To State An FMLA Claim Upon Which Relief Can Be Granted**

Plaintiff's FMLA claim must be dismissed as well because his Complaint does not contain sufficient factual allegations to state a plausible claim for relief. The FMLA protects employees through prescriptive (substantive) and proscriptive (penal) provisions. *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 294 (4th Cir. 2009); *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006). To state a claim under the FMLA's prescriptive provisions, a plaintiff must allege facts that demonstrate:

> (1) he is an eligible employee under the FMLA, (2) the defendant is an employer subject to the requirements of the FMLA, (3) he was entitled to leave under the FMLA, (4) he gave adequate notice to the defendant of his intention to take FMLA leave, and (5) the defendant denied him the FMLA benefits to which he was entitled.

*Downs v. Winchester Medical Center, et al.*, 21 F.Supp. 3d 615, 617 (W.D.Va. 2014) (internal citations omitted). To state a claim under the FMLA's proscriptive provisions, Plaintiff must allege: (1) he engaged in protected activity, (2) he or she suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. *Yashenko*, 446 F.3d at 551.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." As to Plaintiff's FMLA claim, Plaintiff's sole substantive, factual allegation regarding his alleged unlawful discharge is that:

> "The[y] [sic] were mad because I got hurt during busy season was going to be out for few days up to week and they had me loading trucks."

---

F.3d 187, 190 (4th Cir. 2010) (citations omitted); *Miles v. Dell, Inc.*, 429 F.3d 480, 485-86 (4th Cir. 2005). Therefore, dismissal of his Title VII claim under 12(b)(6) is appropriate as well.

[*Compl. at* ¶ 3]. Even under Rule 8's liberal pleading standard, Plaintiff's sparse factual allegations are insufficient to state a claim for relief under the FMLA.

Notably, Plaintiff has failed to allege any facts whatsoever that he was an eligible employee suffering from a serious health condition, that he was entitled to FMLA leave, that he gave UPS notice of his intention to take FMLA leave, that UPS denied him leave under the FMLA, or that UPS terminated him because he engaged in activity protected by the FMLA. The lack of any of these allegations fails to raise Plaintiff's right to relief above the speculative level. Therefore, Plaintiff's FMLA claim must be dismissed as well. *See e.g.*, *Riddle v. Hubbell Lighting, Inc.*, No. 7:12-cv-00488, 2013 WL 3788790, at *2 (W.D. Va. July 19, 2013) (granting motion to dismiss because plaintiff failed to allege he ever attempted to use his FMLA leave); *Smith v. Virginia Department of Agriculture & Consumer Services*, No. 3:12-cv-77, 2012 WL 2401749, * 10 (E.D. Va. June 25, 2012) (dismissing FMLA claim because *pro se* plaintiff failed to allege a serious health condition and that she attempted to take FMLA leave); *Adams v. High Purity Systems, Inc., et al.*, No. 1:09-cv-354, 2009 WL 2391939, at * 7-8 (E.D. Va. July 2, 2009) (FMLA claim insufficiently pled because Plaintiff failed to allege facts that he was an eligible employee).

## IV. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted this 6th day of August 2015.

UNITED PARCEL SERVICE, INC.

By: /s/Kimberlee W. DeWitt
Kimberlee W. DeWitt, Esq., VSB No. 47542
Sarah Y. Ratner, Esq., VSB No. 70680
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: kdewitt@hunton.com

Sharon S. Goodwyn, Esq. VSB No. 28822
Hunton & Williams LLP
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
Telephone: (757) 640-5300
Fax: (757) 625-7720
Email: sgoodwyn@hunton.com

*Counsel for Defendant United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this August 6, 2015 a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and mailed to the Plaintiff by first class U.S. mail, postage prepaid, at the following address:

Zane Grayson Caldwell
2752 Lansing Drive, SW
Roanoke, Virginia  24015

___/s/ Kimberlee W. DeWitt

Kimberlee W. DeWitt, Esq., VSB No. 47542
*Counsel for Defendant United Parcel Service, Inc.*
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219-4074
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: kdewitt@hunton.com
