# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE

ZANE GRAYSON CALDWELL,     )
                                 )

        Plaintiff,        )
                                 )

        v.               )     Civil Action No. 7:15-cv-00358-EKD
                                 )

UNITED PARCEL SERVICE, INC.,    )
                                 )

        Defendant.     )
                                 )

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), and Local Rule 11, Defendant United Parcel Service, Inc. ("UPS" or the "Company"), by counsel, submits this memorandum of law in support of its Motion to Dismiss Plaintiff Zane Grayson Caldwell's ("Plaintiff" or "Caldwell") Amended Complaint for failure to state any claim upon which relief can be granted.

## I.    PRELIMINARY STATEMENT

Plaintiff's Amended Complaint purports to bring two Americans with Disabilities Act ("ADA") claims against UPS.  While the Court is obliged to give Plaintiff wide latitude as a *pro se* litigant, he must still submit a pleading establishing he has a right to relief under *some* legal theory that rises above the speculative level.  Plaintiff's pleading falls woefully short.  He fails to allege any specific facts that show he was unlawfully discharged because of a disability or that UPS failed to accommodate him in violation of the ADA.  For these reasons, which are set forth more fully below, Plaintiff's Amended Complaint must be dismissed.

## II.   PROCEDURAL HISTORY

Plaintiff brought this action *pro se* against UPS on June 30, 2015.  Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  On October 20, 2015, this Court granted Defendant's motion.  However, in doing so, the Court specifically granted Plaintiff leave to file an amended complaint to allege a failure to accommodate claim and a wrongful discharge claim under the ADA and a retaliation claim and an interference claim under the Family Medical Leave Act ("FMLA").  (Dkt. No. 25 at 9, 13.)

Plaintiff filed an Amended Complaint on November 2, 2015.  In his Amended Complaint, he alleges ADA claims for wrongful discharge and failure to accommodate. [1]  (*Amended Compl.* at ¶¶ 1, 12.)  However, Caldwell's allegations in his Amended Complaint are threadbare and lack any factual specificity to raise a right to relief above the speculative level.

## III.   STATEMENT OF FACTS[2]

Caldwell brings his claims under the ADA and alleges that he filed a complaint with the EEOC.  (*Amended Compl.* at ¶¶ 1, 2.)

---

[1] While the claims in Caldwell's Amended Complaint are difficult to discern, UPS construes his allegations within the confines of this Court's October 20, 2015 order granting Caldwell leave to file an amended complaint to allege four specific types of claims:  ADA wrongful discharge, ADA failure to accommodate, FMLA interference and FMLA retaliation.  Because Caldwell asserts that his claims arise under the ADA (*Amended Compl.* at ¶ 1), UPS construes his Amended Complaint as only setting forth claims for wrongful discharge and failure to accommodate under the ADA.

[2] As required for purposes of this motion only, UPS accepts as true Plaintiff's factual allegations in the Amended Complaint.  *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007).

Caldwell alleges that he "followed the call in procedures [he] used before to contact supervision." (*Amended Compl.* at ¶ 3.)  He alleges "that [he] was going to be out due to injury of Achilles tendon as text record show." (*Amended Compl.* at ¶ 4.)

Caldwell also alleges that he "went to Human Resources and ask[ed] if [he] could bring a cane in and the answer was no." (*Amended Compl.* at ¶ 5.)  He "also asked to be moved to other work areas numerous of times and was denied while lesser seniority people got the opportunity." (*Amended Compl.* at ¶ 6.)  He alleges that his "job performance has never been an issue in 20 years" and "they have never brought me into an office about job performance." (*Amended Compl.* at ¶ 7.)

Caldwell states that he "used or tried to all levels of mediation before [he] brought these claims to the court." (*Amended Compl.* at ¶ 8.)  He alleges that he "feel[s] Employer took retaliation action against [him] on [his] termination by supervision and management." (*Amended Compl.* at ¶ 9.)  He also states that he believes he "was denied reasonable accommodation relief." (*Amended Compl.* at ¶ 12.)

Caldwell also alleges that he was granted FMLA leave by the Company on April 26, 2010 for a "knee injury torn meniscus." (*Amended Compl.* at ¶ 11.)

Finally, Caldwell asks for reinstatement with restoration of seniority, "insurance back on [him, his] son and daughter, child support payments taken out as was set up before and a years salary at [his] current pay level." (*Amended Compl.* at p. 3.)

Caldwell also attaches various documents to his Amended Complaint.  First, he attaches a letter dated April 21, 2014 from the EEOC acknowledging that Caldwell had filed an EEOC Charge alleging an ADA claim. (*Amended Compl.* Exh. A.)  He also attaches a document that he alleges represents text messages that show he "was going to be out due to injury of Achilles

tendon." (*Amended Compl.* Exh. B.)  Finally, he attaches a letter dated April 27, 2010 from Shirley Jones, Occupational Health Manager at UPS, to Caldwell approving his request for intermittent FMLA leave for an unidentified "personal health condition."  (*Amended Compl.* Exh. C.)

On November 6, 2015, Caldwell filed an additional document with the Court entitled "Attachment." [3]  (Dkt No. 30.)  He attaches to this document a note dated February 17, 2014 stating that Caldwell was seen in the Carillion Clinic on December 12, 2013 and "may return to work on December 15, 2013."  (Dkt No. 30-1 at 2.)  Caldwell alleges that this note relates to his Achilles tendon injury.  (Dkt No. 30 at ¶ 1.)  Caldwell also attaches a document entitled "Member's Grievance or Complaint" dated December 18, 2013, which Caldwell alleges is a document that represents "the Steward and [he] tried to mediate with the supervisor and manager."  (Dkt No. 30 at ¶ 2, Dkt No. 30-1 at 1.)  Finally, in the Attachment, Caldwell alleges that "Human Resources in Roanoke at United Parcel Service, Inc. and my manager and supervisors have known my injuries and has failed to accommodate me/Zane Caldwell for years."  (Dkt No. 30-1 at 3.)

---

[3] This document was not part of the Amended Complaint and was filed four days after the deadline given by the Court.  Therefore, this document and its attachments should not be considered by the Court in its resolution of this 12(b)(6) motion. *See S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.")  Nonetheless, UPS addresses this document in this memorandum in the event the Court deems it appropriate to consider in its resolution of its 12(b)(6) motion.

## IV.   <u>ARGUMENT</u>

### A.   Standard of Review

#### 1.   Plaintiff's *Pro Se* Status

Federal courts generally construe the allegations in a *pro se* complaint liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  However, "while pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them."  *Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).  A district court is not "expected to construct full blown claims from sentence fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  As such, the "'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed."  *Id.*; *cited with approval in Kramer v. Virginia State Court Sys.,* No. 6:13-cv-00007, 2013 WL 373573 at *2 (W.D. Va. Jan. 30, 2013).

#### 2.   Rule 12(b)(6) Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the plaintiff's complaint.  The Court "'must accept as true all of the factual allegations contained in the complaint.'"  *Anderson v. Sara Lee*, 508 F.3d 181, 188 (4th Cir. 2007) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)).  But it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts. Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). A complaint will not survive a Rule 12(b)(6) motion if it contains only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Twombly*, 550 U.S. at 555 (alteration in original).

Thus, Plaintiff must include in his Complaint factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly* 550 U.S. at 555-556. "[T]he pleadings must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true." *Id.* (citation and internal quotations omitted). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief'" and will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

### B. Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted

#### 1. Plaintiff Has Not Plausibly Alleged That He Suffers From A Disability

In order to proceed on either an ADA wrongful discharge or failure to accommodate claim, a plaintiff must allege that he is an individual with a disability under the ADA. *See Haneke v. Mid–Atlantic Capital Mgmt.*, 131 F. App'x 399, 400 (4th Cir. 2005) (failure to accommodate); *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001) (wrongful discharge). The ADA defines a disability as a "physical or mental impairment that substantially limits one or more major life activities; a record of such an impairment; or being regarded as having such an impairment." 42 U.S. Code § 12102 (1). In determining whether an impairment is "substantially limiting," "courts may consider the "nature and severity of the impairment, the

duration or expected duration of the impairment and the permanent or long term impact of the impairment.  29 C.F.R. 1630.2(j)(2)  "An impairment simply cannot be a substantial limitation on a major life activity if it is expected to improve in a relatively short period of time."  *Miller v. Stratford House Retirement Community*, No. 4:12-CV-00006, 2012 WL 1414850  * 7 (W.D.Va. April 24, 2012) (quoting *Pollar v. High's of Balt., Inc.*, 281 F.3d 462, 467 (4th Cir. 2002)).

Caldwell alleges two potential injuries that could possibly form the basis of his ADA claim.  He alleges that he injured his Achilles tendon, although he does not state when, and that in 2010 he was granted FMLA leave for a "knee injury torn meniscus."  But these allegations standing alone are insufficient to survive a 12(b)(6) motion.  Nowhere in the Amended Complaint does Caldwell allege any facts that show either of these alleged injuries were anything more than temporary or had not resolved.  In fact, the February 17, 2014 note Caldwell attributes to his Achilles tendon injury states that he was seen in the clinic on December 13, 2013 and released to return to work on December 15, 2013;  if anything, this note only further enhances the temporary nature of his Achilles tendon injury.

Dismissal under 12(b)(6) is also proper because Caldwell fails to allege any facts that raise an inference that either of his alleged injuries substantially limit one or more major life activities.  *See  Clay v. Campbell County Sheriff's Office*, No. 6:12-cv-00062, 2013 WL 3245153 *3 (W.D.Va. June 26, 2013) (granting motion to dismiss where plaintiff has failed to adequately allege that kidney stones substantially limit a major life activity);  *Miller*, 2012 WL 1414850 at *8-9 (motion to dismiss granted where plaintiff failed to allege that arm injury substantially limits a major life activity).  When considering injuries similar to Caldwell's, courts have held that without a showing that these types of injuries substantially limit a major life activity, they do not fall within the ADA's definition of disability.  *Sampson v. Methacton School District*, No.

11-4553, 2015 WL 641216 (E.D. Pa. Feb. 12, 2015) (plaintiff's meniscus tear in knee that caused pain and swelling for six months, required surgery and five months recuperation and knee brace, and caused difficulty standing, walking and sitting for long periods of time without feeling discomfort did not rise to level of permanent, long term condition that substantially impaired a major life activity);  *Pickens v. Comcast Cable,* No. WDQ-13-2236, 2015 WL 127822 (D.Md. Jan. 7, 2015) (granting motion to dismiss because *pro se* plaintiff's allegation that he was hurt on the job is not enough to allege a disability under the ADA);  *Perrywatson v. United Airlines, Inc.*, 916 F.Supp. 2d 866, 874, 877 (N.D. Ill. 2013) (plaintiff's meniscus tears in both left and right knees were not impairments that substantially limited a major life activity).

Likewise, Caldwell has failed to allege any facts from which the Court can infer that he has a record of a physical or mental impairment that substantially limits one or more major life activities or that he was regarded as having such an impairment.  *See* 42 U.S.C. § 12102(1).

Because Caldwell has not alleged sufficient facts from which the Court can plausibly infer that he suffered from a disability under the ADA, his claims must be dismissed.

### 2. ADA Wrongful Discharge Claim

To state a claim for wrongful discharge under the ADA, a plaintiff must set forth facts sufficient to show that (1) plaintiff is a qualified individual with a disability; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *See Haulbrook,* 252 F.3d at 702.  Therefore, even if Caldwell has alleged sufficient facts showing that he is an individual with a disability, his Amended Complaint still fails to allege any facts from which the Court can infer that he was a

qualified individual or that his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.

To be a qualified individual with a disability, a plaintiff must be "an individual who, with or without reasonable accommodation, can perform the essential function of the employment position that such individual holds or desires." 42 U.S.C. 1211(8). The Amended Complaint contains no facts alleging that Caldwell was performing the essential functions of his job or that he could do so with a reasonable accommodation. *See Miller*, 2012 WL 1414850 at *9 (dismissal of wrongful discharge claim under ADA proper where plaintiff failed to allege she could perform the essential functions of her position with or without reasonable accommodation).

Moreover, the Amended Complaint is devoid of any facts showing that his termination occurred under circumstances that raise a reasonable inference of discrimination. For instance, Caldwell fails to make any factual allegations regarding when he was terminated and under what circumstances, and perhaps most importantly, facts that attribute his termination to an alleged disability. Thus, no facts exist to even suggest that Caldwell was terminated under circumstances that raise a reasonable inference of unlawful discrimination.

### 3.     Failure to Accommodate

To state a claim for failure to accommodate, a plaintiff must allege facts supporting: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position ....; and (4) that the [employer] refused to make such accommodations." *Rhoads v. FDIC*, 257 F.3d 373, 387 n. 11 (quoting *Mitchell v.*

*Washingtonville Cent. School Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (internal quotation marks omitted)).

In *Morgan v. Rowe Materials*, No. 3:08cv576, 2009 WL 1321514 (E.D.Va. May 11, 2009) the Court dismissed the *pro se* plaintiff's failure to accommodate claim for the same deficiencies that are found in Caldwell's Amended Complaint.  In *Morgan*, the plaintiff alleged that he had applied for two jobs and was denied these positions.  The court stated:

> Further, to support his specific claims, Plaintiff fails to allege whether he was performing his job at the time of his discharge, whether he sought reasonable accommodations to perform his job, whether such accommodations were denied, or even whether with reasonable accommodations he could perform the essential elements of his job. Rather, Plaintiff simply asserts that he applied for two jobs and was denied the positions, and that his termination was made in disregard to the ADA. This is not sufficient to state a wrongful discharge or reasonable accommodation claim, and therefore Defendant's Motion as to this Count is GRANTED.

*Id*. at *3.

Caldwell alleges that he asked Human Resources if he could use a cane, and "also asked to be moved to other work areas" although he fails to allege to whom he directed this particular inquiry.  (*Amended Compl.* at ¶¶ 5, 6.)  Like the *Morgan* plaintiff, Caldwell fails to allege whether he sought reasonable accommodations to perform the essential functions of his job and whether with reasonable accommodations he could perform the essential elements of his job. Indeed, Caldwell does not even allege what alleged disability these requests were intended to address, when these requests were made, what type of job he was performing at the time, whether his request to be moved to another work area was even made to someone at UPS, whether he was unable to perform certain essential functions of his job, and whether he made these requests in pursuit of an accommodation that would allow him to perform essential functions of his job that he was otherwise unable to perform.  In fact, the February 17, 2014

clinic note only undermines Caldwell's accommodation claim because it shows that he was returned to work without any mention of a need for an accommodation.

For these reasons, Caldwell's allegations are insufficient to support a plausible claim for failure to accommodate and must be dismissed.

## V.   **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that the Court grant its

Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted this 19th day of November 2015.

UNITED PARCEL SERVICE, INC.

By: /s/Kimberlee W. DeWitt
Kimberlee W. DeWitt, Esq., VSB No. 47542
Sarah Y. Ratner, Esq., VSB No. 70680
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219-4074
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: kdewitt@hunton.com

Sharon S. Goodwyn, Esq. VSB No. 28822
Hunton & Williams LLP
500 East Main Street, Suite 1000
Norfolk, Virginia  23510
Telephone:  (757) 640-5300
Fax:  (757) 625-7720
Email: sgoodwyn@hunton.com

*Counsel for Defendant United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this November 19, 2015 a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and mailed to the Plaintiff by first class U.S. mail, postage prepaid, at the following address:

Zane Grayson Caldwell
2752 Lansing Drive, SW
Roanoke, Virginia  24015


_____/s/ Kimberlee W. DeWitt_


Kimberlee W. DeWitt, Esq., VSB No. 47542
*Counsel for Defendant United Parcel Service, Inc.*
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219-4074
Telephone: (804) 788-8200
Fax: (804) 788-8218
Email: kdewitt@hunton.com